#47

United States District Court
Southern District of Texas
ENTERED

FEB 26 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DENISE STOCKTON BELL | * | |
| VS | * | C.A. NO. B96 233 |
| JUDGE ROGELIO VALDEZ, And WILLIAM E. BELL | * | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This cause of action was initiated by Plaintiff, DENISE STOCKTON BELL, pro se, in the 138th Juridical District Court, Cameron County, Texas, on September 26, 1996. Plaintiff alleges that Defendants, JUDGE ROGELIO VALDEZ, the presiding judge at her divorce proceedings, and WILLIAM E. BELL, her ex-husband, have conspired to deprive her of her constitutional right to a fair trial in her divorce proceedings.

The cause of action was removed to this Court when Defendant, JUDGE ROGELIO VALDEZ, invoked this Court's federal question jurisdiction under 42 U.S.C. § 1983.

The Honorable Filemon B. Vela, District Judge having jurisdiction over the above-styled and numbered proceedings, has

directed this Court to consider the matter and file a report and recommendation herein. Upon review and consideration, this Court is of the opinion that Plaintiff's cause of action should be dismissed for failure to state a claim upon which relief could be granted, F.R.C.P. 12(b)(6). See Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1995).

All the facts alleged by Plaintiff against Defendant JUDGE ROGELIO VALDEZ, if true, would be actions performed by a judge in exercising his judicial functions. Plaintiff BELL and Defendant BELL were dealing with Defendant JUDGE VALDEZ in his judicial capacity. Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. Krueger v. Reiner, 66 F.3d 75, 77 (5th. Cir. 1995).

As to Defendant BELL, there are no factual allegations to support any tort cause of action. Plaintiff BELL's grievance against Defendants is basically an "appeal" of a divorce decree entered in the Matter of Marriage of Denise Bell and William Bell, Cause No. 94-09-4802-E.

Because of the foregoing, this Court respectfully recommends that this cause of action be **dismissed with prejudice.**

3

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 25TH day of February, 1999.

_____
John Wm. Black
United States Magistrate Judge

```
           UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF TEXAS
               BROWNSVILLE DIVISION
```

DENISE STOCKTON BELL                *
                                    *
        VS                          *   C.A. NO. B96 233
                                    *
JUDGE ROGELIO VALDEZ,               *
And WILLIAM E. BELL                 *

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation should be adopted.

It is therefore ORDERED, ADJUDGED, and DECREED that this cause of action be **dismissed with prejudice for failure to state a claim upon which relief could be granted**.

DONE at Brownsville, Texas, this _____ day of _____, 1999.

_____
Filemon B. Vela
United States District Judge